J-S08022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUBEL A. CRUZ | : | |
| | : | |
| Appellant | : | No. 1201 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 3, 2020,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0001391-2019.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JUNE 14, 2021**

Rubel A. Cruz appeals from the judgment of sentence that the trial court imposed after it convicted him of driving under the influence of cannabis and summary offenses.[1]  Cruz claims the Commonwealth presented insufficient evidence that the consumed cannabis rendered him incapable of safe driving. The investigating officer testified that Cruz was incapable of safe driving, and the trial court believed the officers' version of events.  Hence, we affirm.

According to the finder of fact in this non-jury trial:

> [Cruz drove] on the main street in the Borough of Frackville, while speeding at 50 miles per hour in a 30 miles per hour zone, as observed by Officer Philip Petrus ("Petrus") of the Frackville Borough Police Department, who was gauging

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. § 3802(d)(2); **see also** 18 Pa.C.S.A. § 5505, 75 Pa.C.S.A. § 2501(a).

traffic using an electronic speed timing device . . . Petrus had not encountered [Cruz] before, but immediately stopped the vehicle approximately one block past the succeeding stop light . . . [Cruz] became immediately combative and resistant to the stop and Petrus's inquiry by refusing to provide Petrus with a driver's license, registration and insurance information, claiming "he did not speed, he had no reason to give [the officer] any of his paperwork, [and he] became verbally combative with [Petrus]." [N.T., 9/3/20, at 16.]

Petrus immediately noticed "an odor of [cannabis] emanating from [Cruz's] person and his speech was slightly slurred." [*Id.*] When Petrus inquired of the smell, [Cruz] admitted that he uses [cannabis,] because he has glaucoma and he was allowed to smoke it . . . [Cruz] did not provide any proof that he was approved to use [cannabis] for medical purposes. The officer then requested [Cruz] to exit the vehicle, so that Petrus could complete standard, field-sobriety testing (SFST) to make certain that [Cruz] was able and capable of driving safely once a ticket was issued for speeding . . . [Cruz] refused to cooperate with the SFST and also refused to submit to a blood test. Furthermore, he refused to sign the DL 26 Form which were both reviewed by Petrus and State Police Trooper Letcavage ("Letcavage") who appeared at the scene after Petrus requested assistance from the State Police. Both Petrus and Letcavage opined that [Cruz] was under the influence of [cannabis] because of his speeding within the Borough, the smell of [cannabis], slurred speech, [Cruz's] combativeness, and refusal to perform the SFST and submit a blood sample.

\* \* \* \* \*

At trial, [Cruz's] testimony was not credible. [He] was 22 years old at the time of the stop. His testimony contradicted both officers' testimony, claiming that he informed Petrus that he had multiple physical conditions that precluded him from performing the SFST test, including Post-Traumatic Stress Disorder . . . had glaucoma, and Attention Deficit Disorder, and was otherwise incapable of physically performing the test. Saliently, he also asserted that his eyes were always red and bloodshot . . . [The trial judge] immediately asked [Cruz] to turn his head to the

[bench] for [the trial judge's] observation of his eyes. The eyes were clear with no evidence of any red or bloodshot appearance. [Cruz's] testimony was incredible, and not worthy of belief.

Trial Court Opinion, 11/18/20, at 3-6.

The trial court therefore convicted Cruz under 75 Pa.C.S.A. § 3802(d)(2) and other summary offenses not at issue in this appeal. The trial court then proceeded to sentence Cruz to serve 72 hours to six months in the county jail and to pay various fines and court costs. Cruz received credit for time served and was immediately paroled. This timely appeal followed.

Cruz raises three issues. They are:

1. Whether the trial court erred in failing to dismiss this case, as a matter of law, for failure of the Commonwealth to prove the elements of the case.

2. Whether the Commonwealth failed to offer sufficient evidence to prove any driving impairment.

3. Whether the Commonwealth failed to offer sufficient evidence to prove DUI—Controlled Substance.

Cruz's Brief at 8. These issues all challenge the sufficiency of the evidence that the Commonwealth submitted to convict Cruz of DUI. Thus, we address them simultaneously.

When reviewing a sufficiency-of-the-evidence claim, an appellate court asks:

whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In

> addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated, and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part, or none of the evidence.

**Commonwealth v. Phillips**, 93 A.3d 847, 856 (Pa. Super. 2014) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120–21 (Pa. Super. 2005) (some punctuation omitted).

The Vehicle Code of Pennsylvania prohibits an individual from driving, operating, or controlling a vehicle when the "individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate, or be in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(d)(2).

According to Cruz, the Commonwealth did not prove beyond reasonable doubt that he had consumed enough cannabis to impair his "ability to safely drive." **Id.** He emphasizes that Officer Petrus stopped him for speeding without following him long enough to see him drive unsafely. Moreover, Cruz indicates "he had no blood test and no field-sobriety test to show the effect of any potential controlled substance." Cruz's Brief at 10. However, Cruz then proceeds to admit that there was, in fact, evidence of his impairment – *i.e.*,

"when the [trial j]udge asked the leading question of the Officer to indicate that his opinion was that there was impairment." *Id.* at 11.

This evidence of impairment was sufficient evidence of impairment, and the trial court deemed it credible. Moreover, Cruz failed to object to the trial court's leading question, and the prosecution previously sought Officer Petrus's opinion on the ability of Cruz to drive safely.

The Commonwealth asked:

> Q: Do you believe that he was under the influence enough that [the consumed cannabis] would impair his ability to drive safely?
>
> A: Most likely . . . I only seen the vehicle for a short distance. The fact that he was speeding and saying that he was not speeding and arguing with me, just demeanor of how combative he was, I would have to say **he would have been an unsafe driver.**

N.T., 9/3/20, at 26 (emphasis added).

The trial court – sitting as the fact finder – "was free to believe all, some, or none of [Officer Petrus's] testimony." *K.B. v. Tinsley*, 208 A.3d 123, 128 (Pa. Super. 2019); *see also Phillips*, *supra*, (accord). This included the officer's opinion that Cruz would have been an unsafe driver due to his use of the cannabis. Indeed, the mere fact that Cruz was driving 20 miles per hour over the speed limit in a small borough is also circumstantial evidence that he was incapable of safely operating his vehicle, because, at that speed, he was *not* safely operating it.

As such, there was sufficient evidence of record from which the trial court could convict Cruz of DUI, under 75 Pa.C.S.A. § 3802(d)(2). We dismiss Cruz's three, interrelated claims of error as meritless.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/14/2021